BOGER & CRAWFORD, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14745.   Promulgated October 9, 1928.

*Theodore B. Benson, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

836

OPINION.

LITTLETON: The issue is whether or not the petitioner is entitled to deduct in 1921 as an ordinary and necessary expense the full amount of officers' salaries fixed by the directors January 16, 1920, for Boger and Crawford. The original agreement provided that such salaries should aggregate $24,000 per annum each. Boger and Crawford gave their full time and attention to the business of petitioner during the year 1921, and there was no change in the agreement for the performance of services by them, or as to payment of salaries during 1920 and 1921. It does not appear when .or how the salaries were to be paid, but it does appear that on January 10, 1922, the directors caused to be entered in the minute book of petitioner, as of December 30, 1921, the resolution to the effect that they each relinquished five-sixths of his salary as fixed in 1920, for the year 1921. Upon this resolution each of said officers claim that his salary for 1921 was only $4,000, but the evidence shows that each

actually received $5,000 as salary for 1921, which they reported in their respective individual tax returns for that year.

Section 234 (a) of the Revenue Act of 1921 provides:

That in computing the net income of a corporation * * * there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, * * *.

It is insisted in behalf of petitioner that salaries of these officers to the amount of $48,000 were incurred and accrued as an expense of the corporation in 1921, though only $10,000 in salaries was actually paid them; that, such salaries having been lawfully incurred and reasonable in amount, are deductible from gross income as an ordinary and necessary expense.

We are of opinion that petitioner's contention is correct. The salaries of these two officers were fixed in January, 1920, by the directors at $24,000 per annum each, and this resolution was in no wise modified until after the close of the taxable year 1921. At December 31, 1921, the salaries of these two officers had accrued and constituted a liability of the corporation. See *Louis S. Cohn Co.*, 12 B. T. A. 1281. The mere fact that at December 31, 1921, no entry had been made upon the books accruing these salaries as an expense does not prevent the deduction thereof for that taxable year as an ordinary and necessary business expense. *Borden Manufacturing Co.*, 6 B. T. A. 276.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

LANSDON, SMITH, PHILLIPS, and ARUNDELL dissent.